Taiiaeekko, J.
An information was filed in this case against thi defendant for the violation of the law prohibiting the keeping banking-game or banking-house, at which money and bone or ivor; checks representing money, were bet and hazarded contrary to the forn of the statute of Louisiana,” etc.
The accused was found “ guilty for keeping a banking-game or gam bling-house.” He was convicted, and sentenced to paya fine of on thousand dollars, and in default thereof to imprisonment for thre months in the Parish Prison, and to pay the costs of ■ prosecution. Th defendant appealed.
*355 The defence is, that the finding of the jury being in the nature of a special verdict, must, to authorize judgment, find all the facts necessary to constitute the offence charged in the information.
The statute of 3855 Revised Statutes, p. 151, sec. 96) provides that “ whoever shall keep a banking-game or banking-house, at which money or anything representing money, or any article of value shall be bet or hazarded, or shall aid or assist in keeping one, shall, on conviction, for the first offence, be fined not less than one thousand nor more than five thousand dollars; and on conviction of a second offence, not less than' five thousand nor more than ten thousand dollars, and be imprisoned at hard labor for not less than one nor more than five years.”
We think the verdict of the jury defective, as was said by th.s Court in the case of the State v. Ritchie, 3 A. 512: “When special verdicts are returned, the jury must find all the circumstances which constitute the offence in order to enable the Court to render judgment.”
Failing in this essential requisite, the judgment of the court below was erroneous.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed; it is further ordered that the case be remanded for a new trial according to law.